Case. The plaintiff recovered only small damages, whereupon the defendant prayed that judgment might be entered against himself. The plaintiff prayed that judgment might not be entered, and Beere cited the case of Taylor v. Somes, where the plaintiff waived his judgment and begande novo. Jermyn observed that the defendant intended to take an advantage, as the assumpsit on which the promise was brought was to make payment at four several days, and the action is brought for the first breach, so that the plaintiff shall be barred of the whole by the present inconsiderable recovery. For if he has judgment on the first breach, he cannot have it for the others.
The defendant may, of course, enter a judgment against himself. Take a rule to show cause to the contrary.
On another day it was asked whether the postea was brought in, and *it appearing that it was, it was said that if the plaintiff may begin de novo, the defendant may be vexed forever.
Ruled, That the defendant may enter judgment, or compel the plaintiff to be nonsuited. But the nonsuit was entered disjunctively, either to pay costs or to begin de novo. *Page 789